IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00024-002 |
| v. | ) | **OPINION** |
| **BRYANT KELLY PRIDE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Bryant Kelly Pride, Pro Se Defendant.*

Defendant Bryant Kelly Pride has filed a pleading in which he seeks to reopen his previously determined Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), and to amend that § 2255 motion to raise a challenge to the enhancement of his sentence based on his prior convictions, in reliance on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). I construe Pride's pleading as a second § 2255 motion and summarily dismiss it as successive, pursuant to 28 U.S.C.A. § 2255(h).

I

Pride was charged along with other defendants with conspiring to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation

of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), and 846 (West 1999 & Supp. 2011).[1] The government filed an Information pursuant to 21 U.S.C.A. § 851 (West 1999) seeking to enhance Pride's sentence based on his prior felony drug convictions.

Pride pleaded guilty pursuant to a written Plea Agreement. In the Plea Agreement, Pride waived his right bring a collateral attack, including any § 2255 motion; stipulated that he would be subject to a Sentencing Guideline enhancement for being an organizer or leader, and stipulated that he qualified as a Career Offender based on prior felony drug convictions. In exchange for these concessions, the government agreed to dismiss four of his five prior North Carolina felony drug convictions from the § 851 Information, which allowed Pride to escape a mandatory life sentence on this offense under § 841(b)(1)(A).

In the Presentence Investigation Report ("PSR"), the probation officer found that Pride should be held responsible for more than 4.5 kilograms of crack cocaine, giving him a Basic Offense Level of 38 under the advisory Sentencing Guidelines, increased by four levels to 42 based on his leadership role, and then reduced by three levels for acceptance of responsibility, for a Total Offense Level of 39.

---

[1] Pride was previously convicted in 2007 by a jury in this court on an unrelated drug charge. Based on Pride's prior drug felony convictions in state courts, I found that he qualified for a statutory mandatory life sentence. *See United States v. Pride*, Case No. 1:07CR00020 (W.D. Va. Oct. 5, 2007), *aff'd*, 317 F. App'x 380 (4th Cir. 2009) (unpublished). I denied Pride's initial § 2255 motion challenging the 2007 sentence, and the court of appeals dismissed the appeal. *United States v. Pride*, Case No. 1:07CR00020, 2011 WL 251211 (W.D. Va. Jan. 25, 2011), *appeal dismissed*, 440 F. App'x 184 (4th Cir. 2011) (unpublished). Pride's recent motion to reopen his § 2255 action in Case No. 1:07CR00020 is addressed in a separate Opinion and Order.

While the PSR also indicated that Pride qualified for an enhancement based on his prior drug convictions, because his offense level under this enhancement was 37, lower than the range calculated reflecting the quantity of drugs, the PSR recommended that the Total Offense Level of 42 should be used at sentencing. Based on this Total Offense Level and his Criminal History Category, his advisory guideline range was 360 months to life imprisonment. I sentenced Pride to 360 months imprisonment to run concurrently with his previous life sentence in Case No. 1:07CR00020. Pride did not appeal.

Pride later filed a § 2255 motion, asserting among other challenges that his sentence had been unlawfully enhanced in reliance on prior convictions that did not qualify as offenses punishable by more than one year and that counsel was ineffective for failing to raise this challenge. I found that pursuant to his Plea Agreement waiver of § 2255 rights, Pride had waived his right to bring a collateral challenge to the judgment in this case and dismissed his § 2255 action. *See United States v. Pride*, Case No. 1:08CR00024, 2011 WL 610969 (W.D. Va. Feb. 11, 2011), *appeal dismissed*, 430 F. App'x 238 (4th Cir. 2011) (unpublished).

Pride now seeks to reopen his § 2255 action to renew his challenge to his sentence. Pride claims that under *Simmons*, some of his prior drug convictions cannot qualify as predicate offenses for the sentence enhancement under § 841(b)(1)(A) or § 4B1.1, because those prior drug offenses were not punishable

by more than one year.  Pride asserts that because he raised this same claim in his original § 2255 motion, he can now reopen that § 2255 action under the Federal Rules of Civil Procedure to reap the benefit of the later *Simmons* decision.  I find no merit to Pride's assertion that he is entitled to reinstate his closed § 2255 in this circumstance in order to raise a claim under *Simmons*.  Therefore, I will deny Pride's motion for reconsideration of his § 2255 claims under Rule 15 and Rule 60(b)(6).[2]

Based on the nature of Pride's allegations, seeking to correct his criminal sentence based on an assertion that it was invalid as imposed, I find that his submission is properly construed as a § 2255 motion.  When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment.  *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

---

[2] *See, e.g., Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment, a party may not seek to amend [his]complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure."); *United States v. Kelley*, Criminal No. 3:04–998–CMC, 2010 WL 5140593, at *2-3 (D.S.C. Dec. 13, 2010) (denying Rule 60(b)(6) motion for relief from judgment denying initial § 2255 motion because change in decisional law is not grounds for such relief and construing and dismissing pleading as successive § 2255 motion).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Pride previously filed a § 2255 motion concerning this same conviction and sentence, which I denied. Because Pride offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

Even if Pride could somehow present his *Simmons* claim to this court, it does not provide any ground for relief from the sentence he received. As discussed, pursuant to the Plea Agreement, the government did not seek, and the court did not impose, any enhancement of Pride's sentence in this case based on his prior convictions. Rather, I calculated Pride's sentence using the offense level applicable to the drug amount for which he was held responsible and adjustments for leadership role and acceptance of responsibility. Therefore, Pride's current claim for relief under *Simmons* is without merit.

A separate Order will be entered herewith.

DATED: February 22, 2012

/s/ James P. Jones
United States District Judge