IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF VIRGINIA
                      ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:08CR00024-12 |
| v. ) | **OPINION** |
| ) | |
| **PAUL ALSTON VAUGHN, JR.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Paul Alston Vaughn, Jr., Pro Se Defendant.*

The defendant, Paul Alston Vaughn, Jr., proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Among other claims, Vaughn alleged that, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Vaughn's sentence was unlawfully enhanced to life imprisonment under 21 U.S.C.A. §§ 841(b)(1)(A) and 851 (West 1999 & Supp. 2012).

In response to the § 2255 motion, the government concedes that Vaughn is entitled to relief as to his *Simmons* claim and recommends that Vaughn be resentenced without the enhancement. Specifically, the government agrees that two prior convictions for felony drug offenses in North Carolina which were used

to enhance Vaughn's mandatory minimum sentence to life imprisonment do not qualify under *Simmons* as predicate offenses for such an enhancement.

Based on the government's concession I will grant Vaughn's § 2255 motion as to his claim under *Simmons* that he should be resentenced. I will dismiss Vaughn's remaining § 2255 claims without prejudice to Vaughn's refiling these claims in a later § 2255 motion following resentencing, if necessary. *See, e.g., United States v. Killian*, 22 F. App'x 300, 301 (4th Cir. 2001) (unpublished).

A separate Final Order will be entered herewith.

DATED: May 23, 2012

/s/ James P. Jones
United States District Judge