# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00024-007 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| KERRY DONNELL LEE, JR., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Kerry Donnell Lee, Jr., Pro Se Defendant.*

The defendant, Kerry Donnell Lee, Jr., a federal inmate proceeding pro se, filed a letter motion demanding that he was entitled to challenge his plea agreement because the enhancement of his federal sentence based on his prior state convictions was illegal under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). I construed it as a Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C.A § 2255 (West Supp. 2012). After review of the record, I conclude that the § 2255 motion must be dismissed without prejudice.

On November 14, 2012, I issued an order, notifying Lee that I had construed his letter/motion as a § 2255 motion, that his submission appeared to be untimely filed and was not signed under penalty of perjury as required, that Lee had 10 days to submit his objection to my construction of his motion as a § 2255 motion or to

submit an amended § 2255 motion signed under penalty of perjury. The November 14, 2012 order warned Lee that if the court received no response from him, the court would dismiss the § 2255 motion without prejudice. The time for the defendant's response has passed, and the court has received no further communication from Lee. The order mailed to Lee was not returned by the post office as undeliverable.

Because Lee has not complied with the court's order of November 14, 2012, or otherwise submitted an amended § 2255 motion signed under penalty of perjury, it is **ORDERED** that this § 2255 motion (ECF No. 2926) is DISMISSED WITHOUT PREJUDICE and stricken from the active docket of the court. Based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right, a certificate of appealability is DENIED.

Further, because Lee cannot obtain relief under *Simmons*,[1] Lee's original, untitled letter motion under that decision (ECF No. 2925) is DENIED.

---

[1] The Fourth Circuit recently ruled that the right recognized in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), as applied in *Simmons*, is not retroactively applicable to cases that were final before the decision issued. *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

ENTER: December 12, 2012

/s/ James P. Jones
United States District Judge