# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00024-011 |
| v. ) | **OPINION** |
| ) | |
| **OEDIPUS LAVAR MUMPHREY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Oedipus Lavar Mumphrey, Pro Se Defendant.*

The defendant, proceeding pro se, filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). He argues that his sentence is no longer valid in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). After careful consideration, I conclude that the defendant previously waived his right to bring a § 2255 motion and that in any event his claim is untimely and is legally without merit. Therefore, I grant the United States' Motion to Dismiss.

I

Oedipus Lavar Mumphrey pleaded guilty in this court on October 27, 2008, pursuant to a written Plea Agreement, to conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base. Pursuant to the agreement, Mumphrey stipulated that his prior convictions qualified him for sentencing as a Career Offender under U.S. Sentencing Guideline Manual ("USSG") § 4B1.1 (2007). He also waived his right to appeal and to bring a future § 2255 motion. In exchange, the United States agreed to dismiss other counts against Mumphrey and agreed not to seek enhancement of his sentence under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2012) and § 851 (West 1999).

At sentencing on August 17, 2009, I found that Mumphrey had at least two prior drug felony convictions and thus qualified as a Career Offender, which subjected him to an advisory sentencing range of 360 months to life in prison. I granted the United States' Motion to Depart Downward, however, and sentenced Mumphrey to 132 months in prison. Mumphrey did not appeal.

In April of 2012, Mumphrey filed the present motion. The court filed the § 2255 motion conditionally, notified Mumphrey that it appeared to be untimely under 28 U.S.C.A. § 2255(f), and granted him the opportunity to submit any additional evidence and argument on the issue of timeliness, which has been received.

The court then directed the United States to respond to the § 2255 motion. The United States filed a Motion to Dismiss, arguing that under his Plea Agreement, Mumphrey waived his right to bring this § 2255 action and that his claim under *Simmons* is without merit. The court notified Mumphrey of respondent's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned petitioner that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Mumphrey has not responded and the time allotted for his response has expired, making the matter ripe for the court's consideration.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11

colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. The Fourth Circuit dismissed the defendant's claims concerning the validity of his sentence as waived under his valid plea agreement. *Id.* at 222-23.

I agree with the United States that Mumphrey has waived his right to bring this § 2255 motion.

Before accepting Mumphrey's guilty plea pursuant to his Plea Agreement, I questioned him concerning his understanding of the proceedings, the charges against him, the terms of the Plea Agreement, the rights he was waiving by pleading guilty under those terms, and the consequences of his plea. I expressly asked Mumphrey, "Do you understand that under the plea agreement[ ], you waive or give up your right to collaterally attack your sentence, meaning that you could not at a later time file a motion or petition seeking to have your sentence set aside?" and Mumphrey answered, "Yes, sir." (Plea Tr. 15-16, Oct. 2, 2009).

Mumphrey's statements during the guilty plea colloquy offered no indication that he was not competent to enter a valid guilty plea, that he did not understand the proceedings or his waiver of his right to collaterally attack his sentence, or that he was not voluntarily pleading guilty. Furthermore, in his § 2255 motion,

Mumphrey does not attack the validity of his guilty plea or the Plea Agreement and its waiver provisions.

I find from this record that Mumphrey's guilty plea and the waiver of his right to bring this collateral attack under § 2255 were knowing and voluntary and thus valid. Mumphrey's claims concerning his sentence do not bear on the validity of his guilty plea, the Plea Agreement, or his waiver of his collateral attack rights, and Mumphrey does not allege any extraordinary circumstance under which he should not be bound by the guilty plea and the waivers contained in the Plea Agreement. Thus, Mumphrey's claim that his sentence is invalid must be dismissed as waived, pursuant to his waiver. *See Lemaster*, 403 F.3d at 223. I will, therefore, grant the Motion to Dismiss Mumphrey's § 2255 claims as waived.

III

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003). Where the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Although the United States does not raise a statute of limitations defense in its Motion to Dismiss, that motion also offers no indication that the United States intends to waive this defense.

Because Mumphrey did not appeal the judgment entered against him on August 18, 2009, his conviction became final on September 1, 2009, when his opportunity to appeal expired.[1] Mumphrey then had one year – until September 1,

---

[1] *See* Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

2010 – in which to file a timely § 2255 motion.  Because Mumphrey filed his § 2255 motion, at the earliest, on April 16, 2012,[2] his motion is untimely under § 2255(f)(1).

Mumphrey argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of the decision in *Simmons*, which held that hypothetical aggravating factors in North Carolina sentencing law cannot be considered when determining whether a prior North Carolina conviction was punishable by imprisonment of more than one year. 649 F,3d at 244.  The *Simmons* decision cannot trigger § 2255(f)(3), since this section by its own terms applies only to claims based on a right newly recognized by a Supreme Court decision.  In *Simmons*, the Fourth Circuit applied a point of law established in *Carachuri-Rosendo*.  Mumphrey cannot rely on that case to render his motion timely under § 2255(f)(3), however, because he did not file the motion within one year of that decision.

Even if Mumphrey could demonstrate that his § 2255 motion is timely, or that the limitation period should be equitably tolled, he cannot achieve § 2255

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court.  *See* Rule 3(d), Rules Governing § 2255 Proceedings. Mumphrey did not date his signature on the § 2255 motion or his memorandum in support, but these items arrived at the court on April 23, 2012, in an envelope postmarked on April 16, 2012.

relief under *Simmons*. A defendant bringing a collateral attack on his conviction or sentence under § 2255 is not entitled to relief under every new court ruling that relates to his case. "[W]ell-established legal rules – old rules – are applicable on collateral review, while new rules generally are not." *United States v. Powell*, 691 F.3d 554, 557 (4th Cir. 2012) (citing W*horton v. Bockting*, 549 U.S. 406, 416 (2007)). Only two narrow categories of new rules apply to collateral review cases: (1) new substantive rules that "alter[ ] the range of conduct or the class of persons that the law punishes," and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Powell*, 691 F.3d at 558 (internal quotation marks and citation omitted). In *Powell*, the Fourth Circuit held that

> [b]ecause the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, . . . *Carachuri* is a procedural rule . . . not retroactively applicable to cases on collateral review.

691 F.3d at 559-60.

Because the *Simmons* analysis is merely an extension of the Supreme Court's ruling in *Carachuri-Rosendo*, *Simmons* is also a procedural rule that cannot apply retroactively to cases on collateral review. As such, Mumphrey cannot rely on *Simmons* to render his § 2255 claims timely under any subsection of

§ 2255(f), nor can he rely on its holding as a ground for collateral relief under § 2255 itself.

For the stated reasons, Mumphrey's claim is time barred under § 2255(f) and not subject to review under § 2255.

IV

Finally, the United States argues that Mumphrey was properly sentenced as a Career Offender even in light of the *Simmons* ruling. I agree.

Section § 4B1.1 provides that a defendant may be sentenced as a Career Offender for a felony controlled substance offense, committed when he was 18 or older, if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. For Career Offender purposes, a prior drug felony is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year . . . ." USSG § 4B1.2(b).

Mumphrey challenges only the use of prior North Carolina convictions for which the courts sentenced him to less than one year. As the United States argues, for at least two other convictions involving drug trafficking, Mumphrey was clearly subject to a sentence of more than one year in prison. (Presentence Investigation Report ¶¶ 358 (sentenced to 18 months for possession with intent to

distribute marijuana), 361 (sentenced to 16 to 20 months for "felony sell/deliver" cocaine and crack cocaine and felony possession with intent to "sell/deliver" cocaine)). Thus, these prior convictions qualify as drug felonies under § 4B1.2(b), and Mumphrey has no viable claim under *Simmons* that his Career Offender sentence is invalid.

V

In conclusion, for the stated reasons, I find that Mumphrey is not entitled to relief under § 2255. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

        DATED:   January 17, 2013

        /s/  James P. Jones
        United States District Judge