# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-015 |
| v. | ) | **OPINION** |
| | ) | |
| **BRYAN KENDALL MORRISON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Randall C. Eads, Abingdon, Virginia, for Defendant.*

The defendant, Bryan Kendall Morrison, proceeding pro se, filed a letter on February 28, 2013, requesting resentencing on his drug trafficking offense in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). I construed his letter as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and directed the United States to respond. In its response, the United States waives its statute of limitations defense and agrees that Morrison should be resentenced. I will grant the § 2255 motion accordingly.

Morrison and 50 others were charged with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One). The government filed an Information seeking to enhance the

mandatory minimum sentence Morrison faced from ten years to mandatory life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, based on four prior convictions for drug offenses. Morrison pleaded not guilty, was tried before a jury, and was convicted, with the jury specifically finding that the amount of cocaine base attributable to him was 50 grams or more and that the amount of cocaine attributable to him was 500 grams or more.

In a sentencing memorandum and objections, among other things Morrison argued that his prior drug convictions did not qualify as felony drug convictions for enhancement under § 841(b)(1)(A) and asserted that a sentence of 20 years fulfilled the sentencing objectives of 18 U.S.C. § 3553(a). He did not, however, deny the existence of the prior controlled substance convictions or contest their validity. At sentencing in 2009, I found that, based on three of Morrison's prior convictions, he was subject to the mandatory minimum term of life imprisonment under § 841(b)(1)(A), which I imposed.[1] On appeal, Morrison challenged the enhancement, but the United States Court of Appeals for the Fourth Circuit affirmed the judgment. *United States v. Morrison*, 364 F. App'x 33 (4th Cir. 2010) (unpublished).

---

[1] The government concedes that the fourth conviction listed on the § 851 Information does not qualify as a prior trafficking conviction under the statute, because it was not final before the beginning of the federal conspiracy period.

The United States concedes that under the subsequent *Simmons* decision, Morrison's enhanced sentence is invalid. In *Simmons*, the Fourth Circuit, sitting en banc, reversed its earlier decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), and held that Simmons' prior convictions were not qualifying felonies for federal sentence enhancement purposes, because under North Carolina's structured sentencing scheme, he had not been subject to a penalty exceeding one year. *Simmons,* 649 F.3d at 246-47. State court records submitted by the government in this case indicate that under North Carolina law, Morrison was subject to a sentencing range of less than one year as to each of the three controlled substance convictions on which I based the federal sentence enhancement. Thus, as the government agrees, these convictions no longer qualify as predicate drug felonies for enhancement under § 841(b)(1)(A), *id.* at 246-50, and Morrison's § 2255 motion presents a cognizable claim for relief under *Simmons.*

Notwithstanding Morrison's arguments to the contrary, the § 2255 motion is filed out of time under § 2255(f). Morrison did not file his motion within one year of the date on which his conviction became final, *see* § 2255(f)(1), and does not rest his claim on a right recognized and made retroactive by a Supreme Court decision so as to invoke § 2255(f)(3). The United States, however, expressly and

deliberately waives its statute of limitations defense under § 2255(f).[2] The United States further asserts that, in the interests of justice, Morrison is entitled to be resentenced in accordance with *Simmons*.[3]

Based upon the government's waiver of the statute of limitations defense and its concession regarding the invalidity of Morrison's sentence, I will grant Morrison's § 2255 motion and resentence him without application of a mandatory life sentence under § 841(b)(1)(A).

A separate Order will be entered herewith.

DATED: July 11, 2013

/s/ James P. Jones
United States District Judge

---

[2] The government's intentional relinquishment of the statute of limitations defense constitutes a waiver that the court may not override. *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012).

[3] A district court in this circuit has held that even with the government's waiver of the statute of limitations, *Simmons* does not apply retroactively to a defendant sentenced prior to the date of the *Simmons* decision. *Miller v. United States*, No. 3:12cv00701-RJC (W.D.N.C. Feb. 15, 2013) (citing *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012)), *appeal argued*, No. 13-6254 (4th Cir. June 25, 2013). In *Powell*, however, the government had not waived the statute of limitations, and the panel of the Fourth Circuit was construing § 2255(f)(3), a provision that extends the one-year limitations period under certain circumstances. 691 F.3d at 557. In the present case, § 2255(f)(3) does not apply, in light of the government's waiver.