# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00024-002 |
| v. | ) **OPINION** |
| | ) |
| **BRYANT KELLY PRIDE,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Bryant Kelly Pride, Pro Se Defendant.*

Defendant Bryant Kelly Pride has filed a pleading under Rule 60(b)(4) of the Federal Rules of Civil Procedure in which he seeks to open his previously filed Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. I find no merit to Pride's arguments for relief under Rule 60(b), construe Pride's pleading as a § 2255 motion, and summarily dismiss it as successive, pursuant to 28 U.S.C. § 2255(h).

Pride claims in his current motion that enhancement of his sentence based on certain prior convictions constituted error under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and he is entitled to be resentenced. Specifically, Pride claims that, under Rule 60(b), he is entitled to relief from the Judgment denying relief on his prior § 2255 claims because it relied on *United*

*States v. Harp*, 406 F.3d 242 (4th Cir. 2005), a decision that was overruled in *Simmons*.

This argument does not support a motion under Rule 60(b). I decided Pride's initial § 2255 claims in February of 2011, and denied relief based on his Plea Agreement waiver of his right to collateral relief. *See United States v. Pride*, No. 1:08CR00024, 2011 WL 610969 (W.D. Va. Feb. 11, 2011), *appeal dismissed*, 430 F. App'x 238 (4th Cir. 2011) (unpublished). The United States Court of Appeals for the Fourth Circuit decided *Simmons* in August of 2011. A change in decisional law subsequent to a final judgment provides no basis for relief from that judgment under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 536-38 (2005). Therefore, I must deny Pride's motion under Rule 60(b).

When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action. *Id.* at 530-32. Pride seeks to correct his criminal sentence based on an assertion that it was invalid as imposed. Therefore, I find that his submission is properly construed as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Because

Pride previously challenged this conviction and sentence under § 2255 and offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice as successive.

      A separate Order will be entered herewith.

                                ENTER:  October 23, 2013

                                /s/  James P. Jones
                                United States District Judge