# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08CR00024-003 |
| v. | **OPINION AND ORDER** |
| MARCUS ANDREW WATKINS, | By: James P. Jones |
| Defendant. | United States District Judge |

Defendant Marcus Andrew Watkins, a federal inmate proceeding without counsel, filed a pleading that he styled as a "Verified Petition for Enforcement of the Contract Between the Parties in the Nature of a Motion to Vacate Judgment," along with other paperwork purporting to be a contract between Watkins and the prosecutor (ECF Nos. 3094, 3095, 3096, & 3097). Because Watkins appears to be challenging the validity of his current confinement under this court's criminal judgment which he seeks to vacate, the court construed and docketed his submissions as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Based on Watkins' objection to this construction, I will now dismiss the § 2255 motion without prejudice and deny his "Verified Petition for Enforcement" as frivolous.

On November 1, 2013, I issued an order, notifying Watkins that I had construed his petition as a § 2255 motion, *see Castro v. United States*, 540 U.S. 375 (2003), that his submission appeared to be untimely filed as a § 2255 motion and was not signed under penalty of perjury or in standard § 2255 form as required, and that he had 10 days to submit his objection to my construction of his motion as a § 2255 motion or to submit an amended § 2255 motion signed under penalty of perjury, following the standard § 2255 format, and stating his claims. Watkins has responded with a declaration, signed under penalty of perjury, stating his objection to having his petition construed as a § 2255 motion. It is clear from the objection that Watkins did not intend, and does not want the court to treat, his current motion as a § 2255 motion.

In his declaration, Watkins states that his petition for enforcement is not a habeas corpus petition of any sort. He asserts that the prosecutor's failure to respond to paperwork initiating Watkins' release constituted an official admission that the criminal judgment against Watkins was void from the beginning. Watkins' petition "demand[s] that the court order the judgment vacated pursuant to the current contract between the parties which acknowledges [that] the judgment itself was void from the beginning." (ECF No. 3094, at 6.)

In light of Watkins' unequivocal objection to construction of his motion as a § 2255 motion, it is **ORDERED** that the § 2255 action (ECF No. 3094) is

DISMISSED WITHOUT PREJUDICE and stricken from the active docket of the court. Based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right, a certificate of appealability is DENIED.

It is further **ORDERED** that Watkins' original petition and attachments (ECF Nos. 3094, 3095, 3096, & 3097), seeking to use a self-styled contract with the prosecutor to void the criminal judgment, are DENIED as frivolous. Watkins' paperwork has no bearing whatsoever on the validity of the criminal judgment under which he is confined.

ENTER: November 21, 2013

/s/ James P. Jones
United States District Judge